IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAURA O. RUSSELL,<br><br>      Plaintiff,<br><br>vs.<br><br>NORTH SLOPE BOROUGH, HARRY BROWER, FOREST OLEMAUN, FELIPE FARLEY, SCOTT DANNER & KENNETH ROBBINS,<br><br>      Defendant. | Case No. 3:20-cv-00058-RRB<br><br>**ORDER DENYING<br>MOTION TO DISMISS**<br>**(Docket No. 13)** |

This matter arises from the employment and ultimate termination of Plaintiff, Laura Russell, by Defendants, the North Slope Borough and five named individuals. The Amended Complaint seeks relief under the Civil Rights Act (42 U.S. C. § 1983), and claims intentional discrimination and retaliation under federal and state statutes on the basis of sex and race.[1] Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3), "improper venue," which Plaintiff has opposed.[2] Defendants have replied.[3]

---

[1] Docket 10.
[2] Dockets 13, 16.
[3] Docket 17.

Federal Rule of Civil Procedure 12(b)(3) allows dismissal only when venue is "wrong" or "improper." "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws."[4] The question of whether venue is wrong or improper generally is governed by 28 U.S.C. § 1391.[5] If the case at issue falls within one of the three categories described in § 1391(b), venue is proper. If it does not, "venue is improper, and the case must be dismissed or transferred under § [28 U.S.C.] 1406(a)."[6]

Defendants do not reference § 1391 anywhere in their Motion to Dismiss, nor do they discuss it in their Reply. Nor do Defendants assert that this Court lacks jurisdiction over this case.[7] Rather, the bulk of Defendants' 16-page Motion is dedicated to contradicting the facts as described in the Plaintiff's Amended Complaint.[8] They argue that "every factual allegation made by Russell is alleged to have occurred in Utqiagvik," and that therefore there is "no good or even valid reason for this case to be litigated in Anchorage," because "the Utqiagvik Superior Court provides a more than adequate forum for this litigation."[9] They suggest that while "this Court is a competent jurisdiction, it is a

---

[4] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55–59, 134 S. Ct. 568, 577–79, 187 L. Ed. 2d 487 (2013).
[5] A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).
[6] *Atlantic Marine*, 134 S. Ct. at 577.
[7] Docket 17 at 6.
[8] Docket 13 at 2–10.
[9] Docket 13.

*Russell v. N. Slope Borough, et al.,*     Case No. 3:20-cv-00058-RRB
Order Denying Motion to Dismiss     Page 2
Case 3:20-cv-00058-RRB   Document 18   Filed 11/30/20   Page 2 of 5

'clearly inappropriate forum' given the lack of connections to Anchorage and its extreme distance from the location where the entirety of this case occurred."[10]

Defendants appear to have conflated the concepts of "improper venue" under Rule 12(b)(3) with the common law concept of *forum non conveniens*, the discretionary power that allows courts to dismiss a case where another court is better suited to hear the case, because the remainder of Defendants' briefing focuses on the Ninth Circuit's analysis of *forum non conveniens*, including the balancing of "private and public factors."[11] Defendants explain why the state court has jurisdiction over this matter and how it can provide the requested remedies. They also detail the evidence and witnesses that would have to be transported from Utqiagvik to Anchorage for a trial in Anchorage, which they characterize as a "pointless use of resources" to litigate this matter.[12] Finally, Defendants argue that public interest requires a change of forum, because the community of Utqiagvik has a vested interest in this litigation, and Anchorage jurors "should not be burdened by litigation that has no relation to its community."[13]

The concept of *forum non conveniens* has been codified for cases where the transferee court is a federal court. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The District of Alaska is the sole federal judicial district in Alaska, and the only proper federal judicial district

---

[10] Docket 17 at 6.
[11] Docket 13 at 10–12 (citing *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 661 (9th Cir. 2009)).
[12] Docket 13 at 13.
[13] *Id.* at 15.

*Russell v. N. Slope Borough, et al.,*          Case No. 3:20-cv-00058-RRB
Order Denying Motion to Dismiss          Page 3
Case 3:20-cv-00058-RRB    Document 18    Filed 11/30/20    Page 3 of 5

under § 1391 given the parties and events of this case. But Defendants have not requested a transfer to another district or division; they have requested dismissal so that the matter can be refiled in state court in Utqiagvik.

The Court is unpersuaded by Defendants' argument, and the caselaw cited by Defendants does not support their request. In *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, the Supreme Court specifically considered the common-law doctrine of *forum non conveniens* as having continuing application in federal courts only in cases where the alternative forum is abroad, "or perhaps in rare instances where a state or territorial court serves litigational convenience best."[14] Defendants have cited two such "rare" cases, neither of which bear any resemblance to this matter. Neither *Ussery v. Kaiser Foundation Health Plan*[15] nor *Ott v. Kaiser-Georgetown Community Health Plan, Inc.*,[16] involved federal claims. Both involved medical malpractice claims filed in the D.C. Circuit under diversity jurisdiction, which were dismissed by the D.C. Circuit in favor of re-filing in Maryland state court. In both cases, the parties' contacts with the District of Columbia had nothing to do with the torts committed in Maryland. Presumably, a lack of diversity in Maryland prevented a transfer to the District of Maryland.

Plaintiff could have filed this case in state court. She chose to take her federal claims to federal court, which is her right. A case filed in a district that falls within § 1391

---

[14] 549 U.S. 422, 425 (2007).
[15] 647 A.2d 778 (D.C. 1994).
[16] 689 F. Supp. 9 (D.D.C. 1988).

may not be dismissed under § 1406(a) or Rule 12(b)(3).[17] Defendants simply are not entitled to such relief.

Defendants' Motion to Dismiss pursuant to Rule 12(b)(3) at Docket 13 accordingly is DENIED. Defendants shall file their Answer to the Amended Complaint within 14 days of this Order.

IT IS SO ORDERED this 30th day of November, 2020, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[17] *Atlantic Marine,* 134 S. Ct. at 577.

*Russell v. N. Slope Borough, et al.,*                                              Case No. 3:20-cv-00058-RRB
Order Denying Motion to Dismiss                                           Page 5
Case 3:20-cv-00058-RRB    Document 18    Filed 11/30/20    Page 5 of 5